## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 02cv4086 |
| JOHN J. RIGAS, et al., | ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| FRANKLIN STRATEGIC INCOME FUND, et al., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 02cv4292 |
| JOHN J. RIGAS, et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the

Expedited Motion of Defendants Coyle, Kailbourne, Gelber, Metros and Deloitte & Touche LLP

for an Extension of Time to Respond to the Complaints in the above-entitled actions, and upon

consideration of the opposition to said motion by plaintiffs Los Angeles County Employees

Retirement Association and Franklin Strategic Income Fund, it is hereby ORDERED that the

Motion is DENIED.

BY THE COURT:

_____
                                    J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION, ) ) ) | |
| Plaintiff ) | |
| v. ) | CIVIL ACTION NO. 02cv4086 |
| JOHN J. RIGAS, et al., ) ) | |
| Defendants. ) | |

FRANKLIN STRATEGIC INCOME FUND, et al., )

Plaintiff, )

v. )    CIVIL ACTION NO. 02cv4292

JOHN J. RIGAS, et al., )

Defendants. )

### PLAINTIFFS' RESPONSE TO EXPEDITED MOTION OF DEFENDANTS COYLE, KAILBOURNE, GELBER, METROS AND DELOITTE & TOUCHE LLP FOR AN ADDITIONAL EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINTS

Plaintiffs Los Angeles County Employees Retirement Association ("LACERA") and

Franklin Strategic Income Fund ("Franklin") (collectively, "Plaintiffs") hereby respond in

opposition to the motion of defendants Erland Kailbourne ("Kailbourne"), Leslie Gelber

("Gelber"), Pete Metros ("Metros"), and Deloitte & Touche LLP ("Deloitte") (collectively, the

"Moving Defendants") for a further and indefinite extension of time to respond to the complaints

in the above-captioned actions. The grounds for Plaintiffs' opposition to this motion are as follows:

1.      On June 26, 2002, LACERA filed an individual (i.e., non-class) action against the Moving Defendants and certain other defendants in connection with LACERA's purchases of approximately $38 million principal amount of debt securities issued by Adelphia Communications Corporation ("Adelphia"). On June 28, 2002, Franklin filed a similar individual action, arising out of Franklin's purchases of more than $335 million principal amount of Adelphia debt securities.

2.      In mid-July 2002, Deloitte's counsel contacted Plaintiffs' counsel and requested an extension of time to respond to the complaints in both actions until the first week of September.[1] Plaintiffs agreed to an extension of time until September 3, 2002 – a 42-day extension in LACERA's case and a 28-day extension in Franklin's case – and the parties filed Stipulations with the Court which reflected those extensions. See Exhibits C and D hereto. Plaintiffs' counsel subsequently agreed to extend the time for the rest of the Moving Defendants to respond to the complaints until September 3, 2002, as well. Conveniently, the Moving Defendants' motion omits any reference to these generous extensions of time which they have already been granted.

3.      On August 2, 2002, after obtaining Plaintiffs' consent to an extension of time to respond to the complaints, Deloitte filed a motion with this Court seeking to "implement" this

_____

[1]      Service of process in LACERA's case was effected upon Deloitte on July 3, 2002. See Exhibit A. Service in Franklin's case was effected upon Deloitte on July 17, 2002. See Exhibit B. Thus, without an extension of time, Deloitte's responses to these complaints would have been due on July 23 and August 6, respectively. See Fed.R.Civ.P. 12(a)(1)(A).

Court's April 30, 2002 consolidation order with respect to certain actions pending against Adelphia and its officers and directors (the "Motion to Implement"). Specifically, Deloitte seeks a declaration that Plaintiffs' later-filed individual actions have been consolidated with the pending class actions by virtue of the consolidation order. Plaintiffs have opposed Deloitte's Motion to Implement on the grounds that Plaintiffs' individual actions – through which Plaintiffs have exercised their right to exclude themselves from the class actions, and in which Plaintiffs' losses exceed the losses of the putative lead plaintiffs – should not be consolidated with the pending class actions. That issue is presently before the Court.[2]

4.    Now, Deloitte and the other Moving Defendants seek an order extending their time to respond to the complaints beyond September 3, 2002, until some undetermined date in the future. Indeed, it is unclear from their motion exactly what they are asking for, since their proposed order reflects an extension until the Motion to Implement is decided, while their motion suggests that the extension should be as long as sixty days following the filing of an Amended Consolidated Complaint in the consolidated class actions. See Moving Defendants' Motion, ¶ 2. In any event, Plaintiffs cannot agree to the Moving Defendants' request because: (1) Plaintiffs have already granted a generous extension of time to respond to the complaints, which should have been more than enough time for these defendants to prepare their responses, and (2) the resolution of the consolidation issue will not alter the defendants' obligation to respond to Plaintiffs' complaints, because Plaintiffs' individual (non-class) complaints cannot be superseded by any future consolidated class action complaint in the class actions.

---

[2]    The response of plaintiffs LACERA and Franklin to the motion was filed on August 14, 2002, but other unrelated plaintiffs in other cases that are the subject of the motion have requested and obtained additional time to respond thereto.

5.    The Moving Defendants do not argue that they are unable to respond to the complaints on September 3, nor could they legitimately make such an argument in light of the extensions already granted them. Rather, the sole basis for their motion is that their obligation to respond to <u>all</u> of the pending complaints should be extended until after an Amended Consolidated Complaint is filed in the consolidated action. <u>See</u> Motion, ¶ 4. This simply does not make sense. Even if Plaintiffs' individual actions are consolidated with the class actions, Plaintiffs' complaints would not and could not be superseded by the consolidated class action complaint. Deloitte's counsel has acknowledged as much in its correspondence with Plaintiffs' counsel, wherein Deloitte offered to discuss a separate scheduling order with Plaintiffs (although not until after the Motion to Implement is resolved), which would be "without prejudice to [Plaintiffs'] decision to amend [their] complaint[s], join in the anticipated amended consolidated complaint or otherwise stand on the complaints that [Plaintiffs] have filed." <u>See</u> Exhibit E, at 2. Thus, the additional extension the Moving Defendants are seeking will not result in any savings of time or costs for the Moving Defendants, but will simply delay – for no valid reason -- the progress of Plaintiffs' cases.

6.    Furthermore, there is no merit to the Moving Defendants' argument that allowing Plaintiffs to proceed on a different track than the other plaintiffs will lead to "administrative chaos and a concomitant waste of time, effort and resources." Although Plaintiffs believe there is no legitimate basis for doing so, the Moving Defendants will undoubtedly respond to the complaints by moving to dismiss (as virtually all defendants in securities cases do), thereby triggering an automatic stay of discovery while those motions are pending. <u>See</u> 15 U.S.C. § 78u-4(b)(3)(B). Such motions will be filed regardless of the outcome of the Motion to Implement,

4

and regardless of the content of the Amended Consolidated Complaint. There simply is no reason to give the Moving Defendants an indefinite extension of time to file motions such as this, particularly since the filing of these motions will only lead to another lengthy stay.

6.    In sum, the Moving Defendants will have to respond to Plaintiffs' complaints regardless of the outcome of the Motion to Implement, and they will not be unduly burdened if required to file them before responding to the Amended Consolidated Complaint. For this reason, and because the Moving Defendants have already been granted extensions of time to respond to those complaints, their request for an additional, indefinite extension pending the filing of an Amended Consolidated Complaint should be denied.

Respectfully submitted,

Stuart M. Grant (PA Bar #73482)
Megan D. McIntyre
GRANT & EISENHOFER, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiffs

A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------X

LOS ANGELES COUNTY EMPLOYEES                    CIVIL ACTION NO. 02-4086
RETIREMENT ASSOCIATION, A
CALIFORNIA PUBLIC PENSION FUND,
                    Plaintiff,

          -against-                              **AFFIDAVIT OF SERVICE**

JOHN J. RIGAS, ET AL.,
                    Defendants.
-----------------------------------------------------------X

STATE OF NEW YORK          )
                           :
COUNTY OF NEW YORK         )

        BOBBY ALI, being duly sworn, deposes and says that he is an employee of
KEATING & WALKER ATTORNEY SERVICES, INC., is over the age of eighteen years and
is not a party to the action.
        That on the 3rd day of July, 2002, at approximately 12:18 p.m., deponent served a true
copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT along with APPENDIX
"A" TO "C"** upon Deloitte & Touche at 1633 Broadway, New York, New York by
personally delivering and leaving the same with John Ruffini, Legal Assistant, who is
authorized to accept service.
        John Ruffini is a white male, approximately 41 years of age, is approximately 5 feet
and 10 inches tall, weighs approximately 195 pounds, is balding, with short light brown hair
and blue eyes.

Sworn to before me this
3rd day of JULY, 2002                                    _____
                                                         BOBBY ALI #871612

NOTARY PUBLIC
          Michael Keating
    Notary Public, State of New York
          Reg. No. 01-KE-4851659
        Qualified in Queens County
    Certificate Filed in New York County
    Commission Expires February 1, 2006

**B**

| | |
|---|---|
| FRANKLIN STRATEGIC INCOME FUND, ET AK | ) ) ) |
| vs. | ) ) |
| JOHN J. RIGAS, ET AL | ) ) ) ) |

**United States District Court**
**Eastern District of Pennsylvania**

Docket/Index #: **02-4292 June 28 2002**

_Curtis Warren_, being duly sworn to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on _July 17th 2002_ at _11:54 AM_ AM/PM, the deponent served the within named legal process: **Summons together with a copy of the Complaint in this action**

Said documents were served upon **Deloitee and Touche LLP**.

Said service was effected at **633 Broadway, New York, NY 10019**, or

_____

(  ) INDIVIDUAL SERVICE:  Served the within-named personally.

(  ) SUBSTITUTE SERVICE:  By serving _____

(X) CORPORATE or GOVERNMENT AGENCY SERVICE: _John Ruffin, Managing Agent_

(  ) OTHER SERVICE:  As described in the comments below, by serving _____

(  ) NON SERVICE:  For the reasons detailed in the comments below.

COMMENTS:

_____
_____
_____

I, the above named, had asked whether **Deloitee and Touche LLP** was in the military service of the State or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid, deponent avers that the **Deloitee and Touche LLP** is not in the military service of the State or the United States as that term is defined in the statues of the State or the Federal Soldiers and Sailors Civil Relief Act.

The person accepting service is described to the best of deponent's ability at the time and circumstances of service as follows:

Sex: F/M   Skin:_____   Hair:_____   Age(Approx):____   Ht.(Approx):___'___"   Wt.(Approx):____lbs.

Other:_____

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BRUCE J. SMILOWITZ
Notary Public, State of New York
No. 01SM4965926
Qualified in Nassau County
Commission Expires April 30, 2006

State of
County of

Sworn to before me on
_July__, _22_, _2002_

_____
Notary Public

Print Name: _Curtis S. Warren  #870667_

Bucks Legal Services, Inc.
PO Box 1197
604 South Dove Road, Suite B
Yardley, PA  19067-9197
Job #: 471

C

HH

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOS ANGELES COUNTY EMPLOYEES
RETIREMENT ASSOCIATION, A CALIFORNIA
PUBLIC PENSION FUND,

    Plaintiffs,

    v.

JOHN J. RIGAS, TIMOTHY J. RIGAS, JAMES P.
RIGAS, MICHAEL J. RIGAS, PETER L. VENETIS,
DENNIS P. COYLE, LESLIE J. GELBER, PETE J.
METROS, ERLAND E. KAILBOURNE, JAMES R.
BROWN, and DELOITTE & TOUCHE LLP,

    Defendants.

FILED    JUL 30 2002

CIVIL ACTION NO. 02-CV-4086



## STIPULATION

WHEREAS on June 26, 2002, Plaintiffs commenced this action by filing a Complaint; and

WHEREAS Plaintiffs and Deloitte & Touche LLP ( 'Deloitte") have agreed that Deloitte should have additional time to answer, move or otherwise respond under Fed. R. Civ. P. 12; and

WHEREAS no previous extensions have been granted;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that Deloitte may take additional time to answer, move or otherwise respond to Plaintiffs'

ENTERED

JUL 3 0 2002

CLERK OF COURT

PHL_A #1647918 v1

Complaint filed on June 26, 2002. The date for Deloitte to answer, move or otherwise respond

shall be extended to September 3, 2002, an extension of time which exceeds thirty days.

Stuart M. Grant
Jay W. Eisenhofer
Geoffrey C. Jarvis
GRANT & EISENHOFER, P.A.
1220 N. Market St., Suite 500
Wilmington, DE 19801
(302) 622-7000

Attorneys for Plaintiffs

Date: 7/20/02

Alan J. Davis
William A. Slaughter
Joel E. Tasca
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8230/8114/8188

Attorneys for Defendant
Deloitte & Touche LLP

Date: 7/24/02

SO ORDERED:

_____
United States District Court Judge

Date: July 30, 2002

**D**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKLIN STRATEGIC INCOME FUND,
FRANKLIN CUSTODIAN FUND-INCOME FUND,
FIST-FRANKLIN CONVERTIBLE SECURITIES
FUND, FTVIPT-STRATEGIC INCOME FUND, FTIF-
FRANKLIN HIGH YIELD FUND, FTVIPT-
FRANKLIN INCOME SECURITIES FUND, FTIF-
FRANKLIN INCOME FUND, FRANKLIN AGE HIGH
INCOME FUND, FTVIPT-FRANKLIN HIGH
INCOME FUND, REDWOOD CBO, FRANKLIN
INSTITUTIONAL HIGH YIELD FIXED INCOME
FUND, FRANKLIN MULTI-INCOME FUND, and
FIST-TOTAL RETURN FUND,

        Plaintiffs,

        v.

JOHN J. RIGAS, TIMOTHY J. RIGAS, JAMES P.
RIGAS, MICHAEL J. RIGAS, PETER L. VENETIS,
DENNIS P. COYLE, LESLIE J. GELBER, PETE J.
METROS, ERLAND E. KAILBOURNE, JAMES R.
BROWN, and DELOITTE & TOUCHE LLP,

        Defendants.

CIVIL ACTION NO. 02-CV-4292

## STIPULATION

WHEREAS on June 28, 2002, Plaintiffs commenced this action by filing a
Complaint; and

WHEREAS Plaintiffs and Deloitte & Touche LLP ("Deloitte") have agreed that
Deloitte should have additional time to answer, move or otherwise respond under Fed. R. Civ. P.
12; and

WHEREAS no previous extensions have been granted;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned
that Deloitte may take additional time to answer, move or otherwise respond to Plaintiffs'

PHL_A #1647930 v1

Complaint filed on June 28, 2002. The date for Deloitte to answer, move or otherwise respond

shall be extended to September 3, 2002, an extension of time which exceeds thirty days.

_____
Stuart M. Grant
Jay W. Eisenhofer
Geoffrey C. Jarvis
GRANT & EISENHOFER, P.A.
1220 N. Market St., Suite 500
Wilmington, DE 19801
(302) 622-7000

Attorneys for Plaintiffs

Date:_____7/17/02_____

_____
Alan J. Davis
William A. Slaughter
Joel E. Tasca
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8230/8114/8188

Attorneys for Defendant
Deloitte & Touche LLP

Date:_____

SO ORDERED:

_____
United States District Court Judge

Date:_____

E



ATTORNEYS AT LAW

Brobeck, Phleger & Harrison LLP
1633 Broadway
New York, New York 10019
DIRECT 212.237.2535
FAX 212.586.7878
lcookaii@brobeck.com
www.brobeck.com

July 31, 2002

**VIA FACSIMILE**

Megan D. McIntyre, Esquire
Grant & Eisenhofer, P.A.
1220 N. Market Street, Suite 500
Wilmington, DE 19801

Re:     In Re: Adelphia Communications Securities Litigation
        Master File No. 02CV1781

Dear Ms. McIntyre:

I write in response to your letter of this morning regarding the above-referenced litigation.
While I appreciate your correspondence and the offer of an extension of time to respond in this
matter, it is our position that no responsive pleading (either by answer or a motion to dismiss) is
required at this time. We also disagree with your assertion that our clients, Messrs. Coyle,
Gelber and Kailbourne, have been properly served in this matter should you dispute that the
stipulated scheduling order applies to your clients' actions.

Your letter begins with the proposition that the actions brought by the Los Angeles County
Employees Retirement Association and Franklin Strategic Income Fund, et al. (the "Grant &
Eisenhofer Complaints") are not consolidated with the above referenced litigation. This is
clearly incorrect. The terms of the Order Re: Consolidation relating to "Later Filed Cases"
unquestionably include the actions brought by your clients when it consolidates "actions later
instituted in, removed to, or transferred to this Court that <u>involved claims on behalf of purchasers
of Adelphia securities which are related to the claims of plaintiffs in these consolidated cases,</u> . . .
(b) This Order will apply to each such case that <u>arises out of or is related to the same common
nucleus of fact,</u> subsequently instituted in, removed to, or transferred to this Court" (emphasis
added). Without admitting any of the allegations of the Grant & Eisenhofer Complaints, those
pleadings involve claims on behalf of purchasers of Adelphia securities and arise out of the same
nucleus of facts as the purported class actions. Additionally, your suggestion that the
consolidation is limited to class actions in inconsistent with and finds no support in the order
which consolidates the entirety of this litigation, including class actions, opt outs and derivative
actions. It is therefore clear that the Grant & Eisenhofer Complaints have been consolidated into
the Master Adelphia Securities Litigation.

As for scheduling of deadlines for responsive pleadings, the Stipulation and [Proposed]
Scheduling Order, which applies to all actions in the Master Litigation, provides that the
defendants need not answer or otherwise respond (specifically including the making of a motion

July 29, 2002
Page 2

to dismiss) to the various complaints that have been filed until after the filing of a consolidated complaint. This stipulated and proposed order is currently before the Court and in response to requests made weeks ago regarding its status, the parties were provided guidance by the Judge's deputy clerk to abide by the terms of the stipulation until the Court has an opportunity to rule on the proposed order. Further, following the resolution of the consolidation issue and without prejudice to your clients' decision whether to amend its complaint, join in the anticipated amended consolidated complaint or otherwise stand on the complaints that you have filed, we are willing to discuss a separate scheduling order relating to your clients.

Further, the stipulation and proposed order contains a provision wherein the summons shall be deemed properly served on our clients. While we believe all parts of the stipulation apply to the parties to the consolidated litigation, including your clients, you are advised that we otherwise assert that our clients have not been personally served with the Grant & Eisenhofer Complaints. The Delaware statutory provision you refer to in your letter[1] does not stand for the proposition that Adelphia's designated Delaware agent for the service of process is also so designated on behalf of these directors. The statute is limited in its grant of agency and its scope and your attempt to expand it beyond these limitations is unwarranted and unsupported.

Finally, your intention to move for default judgments against our clients in plainly frivolous under these circumstances. In the event that you continue to plan to move for a default judgment here, please advise as soon as possible so that we can seek a conference with the judge to resolve this issue.

Sincerely,

Lawrence H. Cooke II

cc:    **By Facsimile**
       Phil Korologus, Esq.
       Max R. Shulman, Esq.
       Glenn A. Mitchell, Esq.
       Deborah R. Gross, Esq.
       Francis S. Chlapowski, Esq.
       Robert L. Hickok, Esq.

---

[1] We believe you are referring to 10 Del C. §3114, not 8 Del C. §3114 as identified in your letter.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing document were served upon the following counsel on August 26, 2002, in the manner indicated:

**By Facsimile and First-Class Mail, Postage Prepaid:**

Joel E. Tasca, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Robert L. Hickock, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

**By First-Class Mail, Postage Prepaid:**

Max R. Shulman, Esquire
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Gregory A. Markel, Esquire
Brobeck, Phleger & Harrison LLP
1633 Broadway, 47th Floor
New York, NY 10019

Thomas E.L. Dewey, Esquire
Dewey Pegno & Kramarsky LLP
30 Broad Street
New York, NY 10004

Thomas S. Biemer, Esquire
Dilworth Paxson
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Daniel C. Fleming, Esquire
Wong Fleming P.C.
821 Alexander Road
Suite 150
P. O. Box 3663
Princeton, NJ  08543-3663


Stuart M. Grant