**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____ )
                                            )
FRANKLIN STRATEGIC INCOME FUND, et al.,     )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )    CIVIL ACTION NO. 02cv4292
                                            )
JOHN J. RIGAS, et al.,                      )
                                            )
            Defendants.                     )
_____ )

**PLAINTIFF'S RESPONSE TO EXPEDITED MOTION OF**
**DEFENDANT PETER VENETIS FOR AN ADDITIONAL**
**EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINTS**

Plaintiff Franklin Strategic Income Fund ("Franklin" or "Plaintiff") hereby responds in

opposition to the motion of defendant Peter Venetis ("Venetis") for a further and indefinite

extension of time to respond to the complaints in the above-captioned actions. The grounds for

Franklin's opposition to this motion are as follows:

1.      On June 28, 2002, Franklin filed an individual (i.e., non-class) action against

Venetis and certain other defendants in connection with Franklin's purchases of approximately

$335 million principal amount of debt securities issued by Adelphia Communications

Corporation ("Adelphia"). Venetis is the son-in-law of Adelphia's founder, John Rigas, and was

a director of Adelphia from 1999 until the board demanded his resignation in or about June 2002.

Venetis was served with the summons and complaint via service on Adelphia's registered agent

on July 8, 2002, rendering his response due on July 29, 2002. <u>See</u> Exhibit A.

2.      In late August 2002, approximately two months after the complaint was filed, and well beyond the twenty days provided by the Rule 12 for Venetis to respond to the complaint, Venetis's counsel contacted Franklin's counsel and requested an extension of time to respond. Franklin's counsel agreed to an extension until September 24, 2002, subject to defendant Venetis's agreement that he would not contest personal jurisdiction or the sufficiency of process or service.  This extension would have given defendant Venetis nearly three full months since the filing of the complaint to prepare his response.  Franklin's counsel sent a proposed stipulation reflecting this extension to Venetis' counsel (see Exhibit B), but never heard back from Venetis' counsel as to whether it was acceptable.  Therefore, the stipulation was never executed.

3.      On August 22, 2002, defendant Deloitte & Touche LLP and certain of Venetis' other co-defendants filed a motion with this Court seeking an indefinite extension of time to respond to the complaint while the Court considers a motion filed by Deloitte for a determination that Franklin's individual action (among others) has been consolidated with the class actions pending in this Court (the "Consolidation Motion").  On August 27, 2002, this Court granted those defendants an extension of time, over Franklin's objection, until the Consolidation Motion is resolved.[1]

4.      Venetis now seeks the same indefinite extension of time that was granted to Deloitte.  Venetis does not claim that he actually needs more time, but rather seeks the extension because he wants to be treated the same as the other defendants.  Franklin opposes Venetis'

---

[1]      Although Franklin responded to the Consolidation Motion a month ago (on August 14, 2002), the Court has not yet decided that motion because extensions of time to respond were requested by, and granted to, the plaintiffs in certain of the other actions that are the subject of the motion.

request for the same reasons it opposed Deloitte's request:  that it has already agreed to give this defendant an ample an extension of time (indeed, Franklin agreed to give Venetis three weeks more time than it agreed to give Deloitte), and there is no reason for any of the defendants' responses to await resolution of the Consolidation Motion, since the outcome of that motion will not affect the defendants' obligation to respond to Franklin's complaint (which, as an individual complaint, would not be superseded by any consolidated class action complaint).

5.      In sum, it has been more than 75 days (eleven weeks) since Franklin's complaint was filed, and more than 65 days (nearly nine weeks) since it was served on Venetis.  Neither the United States Code, the Federal Rules of Civil Procedure, nor any other law provides for a stay of a defendant's obligation to respond to a complaint.  Yet, Venetis and the other defendants have managed to obtain just that – an indefinite stay to file a response to the complaint.  Franklin has no control over when that stay will expire, because it is dependent upon the resolution of the Consolidation Motion, to which Franklin responded promptly but to which other parties have received extensions of time to respond.  Particularly since there has been no showing of any need for additional time, and since the resolution of the Consolidation Motion will not affect Venetis's obligation to respond to Franklin's complaint, Franklin should not be subjected to any further delays of the prosecution of its claims.  Franklin respectfully requests that Venetis's motion be denied, and that Venetis be directed to respond to the complaint on or before September 24, 2002.

Respectfully submitted,

_____

Stuart M. Grant (PA Bar #73482)
Megan D. McIntyre
GRANT & EISENHOFER, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiff

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____ )
FRANKLIN STRATEGIC INCOME FUND, et al., )
                                        )
              Plaintiff,                )
                                        )
      v.                                )  CIVIL ACTION NO. 02cv4292
                                        )
JOHN J. RIGAS, et al.,                  )
                                        )
              Defendants.               )
_____ )

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the

Expedited Motion of Defendant Peter Venetis for an Extension of Time to Respond to Certain

Complaints, and upon consideration of the opposition to said motion by plaintiff Franklin

Strategic Income Fund, it is hereby ORDERED that the Motion is DENIED, and that defendant

Peter Venetis is hereby directed to file his response to the complaint on or before September 24,

2002.

                              BY THE COURT:


                              _____
                              Herbert H. Hutton, J.